IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| DAVID and ELAINE MORRIS, | : | |
| | : | |
| Debtors. | : | Bankruptcy No. 03-35650KJC |

**ORDER**[1]

**AND NOW,** this 20th day of May, 2005, upon the consideration of the Amended Motion of Debtors To Reconsider Non-Dischargeability of Claim (the "Motion for Reconsideration") filed on January 5, 2005 (docket no. 146), and the memorandum in opposition to the Motion for Reconsideration filed by CTB, Inc., CSL-Classic, Inc., Cindy Lee and Steve Choy (the "Plaintiffs") filed on January 27, 2005 (docket no. 70 filed in Adv. No. 03-1268);

**AND**, after a hearing to consider the Motion for Reconsideration held on February 16, 2005,

**NOW, THEREFORE**, it is hereby **ORDERED** and **DECREED** that the Motion for Reconsideration is **DENIED.**[2]

---

[1]This Order sets forth the findings of fact and conclusions of law required by Fed. R. Bankr. P. 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and §157(a). This is a core proceeding pursuant to 28 U.S.C. 157(b)(1) and (b)(2)(I).

[2]"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). Parties should not use a motion for reconsideration as an opportunity to relitigate issues the Court has already decided. *Smith v. City of Chester,* 155 F.R.D. 95, 97 (E.D.Pa. 1994).
     A summary of the facts in this matter is as follows. The Debtors' bankruptcy case was originally filed as a chapter 11 case. On December 3, 2003, the Plaintiffs filed an adversary proceeding asserting various claims against the Debtors, including tortious interference of contract, conversion, trespass, civil conspiracy, intentional infliction of emotional distress, assault and battery, and request for an injunction. On June 2, 2004, the Debtors' bankruptcy case was converted to Chapter 7. Pursuant to the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" dated June 10, 2004, the deadline for

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

---

filing a complaint to determine dischargeability of certain debts was September 7, 2004. On August 13, 2004, the Plaintiffs filed a motion in the pending adversary proceeding seeking a "conditional finding" of non-dischargeability of their claims against the Debtors (the "Non-Dischargeability Motion"). A hearing on the Plaintiffs' Non-Dischargeability Motion was held on October 13, 2004 and I determined that the Non-Dischargeability Motion adequately stated the Plaintiffs' request for a determination that their claims should be excepted from discharge under Bankruptcy Code §523(a)(6) and, therefore, should be treated as a motion to amend the complaint. Accordingly, the Plaintiffs filed an amended complaint on November 2, 2004, which served merely to incorporate into the complaint itself the §523(a)(6) claims already timely and adequately asserted in the Non-Dischargeability Motion.

In their Motion for Reconsideration, the Debtors argue that the amended complaint should be dismissed as untimely under Fed.R.Bankr.P. 4007(c), which requires a creditor to file a complaint to determine the dischargeability of a debt no later than 60 days after the first date set for the meeting of creditors under §341(a). A party may ask the court for an extension of time, but the request for an extension must be filed before the 60-day time period has expired. The Plaintiffs' amended complaint was filed after the deadline. The Debtors argue that the Plaintiffs' Non-Dischargeability Motion, filed within the 60-day period, is not sufficient under the plain language of Fed.R.Bankr.P. 4007(c) because it is neither a complaint nor a motion for an extension of time.

In support of the Motion for Reconsideration, the Debtors cite to cases in which the creditors failed to file any pleading prior to the expiration of the 60-day deadline. *See Peerless Ins. Co. v. Miller (In re Miller),* 228 B.R. 399 (6th Cir. 1999), *Judd v. Wolfe,* 78 F.3d 110 (3d Cir. 1996), *Jones v. Hill (In re Hill),* 811 F.2d 484 (9th Cir. 1987). In this case, however, the Debtors' objection is not to the timeliness of the pleading, but to its form. "Consistent with the preference of federal courts to resolve claims on the merits ... courts are loathe to deny a hearing or trial to a party due solely to the mis-styling of a pleading." *In re Tomczak*, No. 00-12096, 2000 WL 33728176, *2 (Bankr.E.D.Pa. July 19, 2000). In *Tomczak*, the Court denied a debtor's request to dismiss a motion to determine dischargeability of a debt due to the form of the pleading, deciding that the motion met the pleading requirements of Fed.R.Bankr.P. 7008 and that the debtor failed to demonstrate any prejudice arising from treatment of the motion as a complaint. *Id.,* at *3. Similarly, the Plaintiffs' Non-dischargeability Motion meets the pleading requirements of Fed.R.Bankr.P. 7008 by setting forth a "short and plain" statement as to why the Plaintiffs' claims are non-dischargeable and a demand for judgment finding that the claims are excepted from discharge under §523. Moreover, I cannot discern any prejudice to the Debtors in allowing the Plaintiffs' claims, as raised in the Non-dischargeability Motion, to be pursued in this manner. For these reasons, the Debtors' Motion for Reconsideration is denied.

Copies to:

David and Elaine Morris
190 West Ridge Pike
Limerick, PA 19468

Anthony A. Frigo, Esquire
1 West Main Street, Suite 230
Norristown, PA 19401

Young K. Park, Esquire
Raja Rajan, Esquire
Law Offices of Young K. Park
1700 Market Street, Suite 2631
Philadelphia, PA 19103

CTB, Inc.
275 Schuylkill Road
Phoenixville, PA 19460

CSL-Classic, Inc.
196 West Ridge Pike
Limerick, PA 19468

Cindy Lee
675 Peason Unit 513
Ees Plaines, IL 60016

Steve Choy
275 Schuylkill Road
Phoenixville, PA 19460

Christine C. Shubert, Trustee
10 Teaberry Drive
Medford, NJ 08055

Paul Brinton Maschmeyer, Esquire
Ciardi, Maschmeyer & Karalis, P.C.
1900 Spruce Street
Philadelphia, PA 19103


Frederic J. Baker, Sr., Esquire

Senior Assistant United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Walter C. Stoertz, Jr., Acting Clerk, U. S. Bankruptcy Court
Pamela Blalock, Courtroom Deputy Clerk