UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re: <br><br> DAVID SIMON MORRIS, <br><br> Debtor. | Chapter 7 <br><br><br><br> Bankruptcy No. 03-35650KJC |
| CTB, INC., <br> CSL-CLASSIC, INC., <br> CINDY LEE, <br>     and <br> STEVE COY <br>          Plaintiffs <br><br> v. <br><br> DAVID SIMON MORRIS <br>          Defendant | <br><br><br><br><br><br><br><br><br><br><br><br> Adversary No. 03-1268 |

MEMORANDUM [1]

BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE[2]

Before the Court is the Complaint of CTB, Inc. ("CTB"), CSL-Classic, Inc. ("CSL"), Cindy Lee ("Lee") and Steve Choy ("Choy") against the Debtor, David Simon Morris, seeking a determination that debts resulting from injuries caused to the Plaintiffs by the Debtor are not

---

[1]This Memorandum constitutes the findings of fact and conclusions of law required by Fed. R. Bankr. P. 7052. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(I).

[2]On December 9, 2005, I assumed office as a bankruptcy judge in the District of Delaware. On the same date, I was designated by the Third Circuit Court of Appeals to sit as a bankruptcy judge in the Eastern District of Pennsylvania for the purpose of completing various matters, including this one.

dischargeable under 11 U.S.C. §523(a)(6).[3] For the reasons which follow, judgment will be entered for the Plaintiffs.

## FACTS

At trial, the following facts were proven. After several months of negotiations, CTB, as tenant, entered into a commercial lease agreement dated June 24, 2003 with Limerick Farmer's Market, Ed Pajewski and the Debtor, as landlord (Ex. P-8), for the lease of premises to be used as a billiards hall, restaurant and related purposes ("Lease"). CSL is an assignee of the Lease and will be referred to as the "Tenant" together with CTB. Choy is president and Lee is vice president of CTB and CSL.

To make the premises suitable for the Tenant's use as a billiards hall, upgrades to heating, ventilation, air conditioning, electrical, ceiling insulation, carpeting, drywall and painting were necessary. Notes of Testimony, September 23, 2005 at p.18 ("N.T."). The Tenant employed the Debtor, who held himself out as a general contractor, able to perform much of this work. N.T. at pp. 19-20. The parties agreed that, initially, the Debtor would install the heating, air conditioning and ventilation for $20,000, $10,000 of which was paid up front. *Id.* at p. 21. At some point after the Debtor began the contracted-for work, but before completion, he asked for the $10,000 balance (*Id.* at p. 22), suggesting that unless he were paid the entire balance, work would not be timely completed. *Id.* Immediately thereafter, relations between the Plaintiffs and the Debtor soured as the Debtor began a campaign of threats, harassment, intimidation and mischief directed toward, not only the Plaintiffs, but toward the Tenant's customers and contractors hired to

---

[3]Section 523(a)(b) bars discharge of debts "for wilful and malicious injury by the debtor to another entity or to the property of another entity."

complete work at the premises.

The Plaintiffs' business opened in January, 2004, (N.T. at p. 79) and closed (after foreclosure sale of the Debtor's real estate of which the premises were a part) in July, 2004.[4]

The record, consisting largely of the credible testimony of plaintiffs Choy and Lee, along with that of Donald Dalonzo, a contractor hired to "finish some construction" at the premises, (N.T. at p. 87) reveals, for example, the following:

- The Debtor (or person(s) at his direction) locked Plaintiffs and/or their contractors out of or otherwise denied access to the premises, N.T. at pp. 33, 91, 96-97, 101-102;

- The Debtor (or person(s) at his direction) cut off utilities to the premises, N.T. at pp. 38-39, 46-49;

- The Debtor cut lights to the parking lot serving the premises, N.T. at p. 47;

- The Debtor drove away the Plaintiffs' customers, N.T. at pp. 54-57;

- The Debtor (or person(s) at his direction) placed trash in front of the premises, N.T. at pp. 51-52;

- The Debtor contacted certain municipal authorities and provided false information to them, causing unnecessary inspections, which resulted in disruption of the Plaintiffs' business, N.T. at pp. 49-52, 52-54;

- The Debtor removed signage from the premises, N.T. at p. 40;

- The Debtor broke into the premises, N.T. at pp. 90-92;

- The Debtor threatened harm to Lee, attacked her physically and caused her emotional harm, N.T. at pp. 101-110;

- The Debtor removed and/or damaged Plaintiffs' equipment at the premises, N.T. at p. 92;

---

[4]The main bankruptcy case was filed initially under chapter 11 on October 3, 2003 and converted to one under chapter 7 on June 2, 2004. Debts incurred prior to conversion are subject to discharge. 11 U.S.C. §727(b); 6 COLLIER ON BANKRUPTCY ¶727.13 (15th Ed.2006).

- The Debtor repeatedly threatened to close down the Plaintiffs' business, N.T. at 41-42, 89; and

- The involvement of police was often required, the Debtor having been arrested at least two times relating to his conduct toward the Plaintiffs, N.T. at 61-72; Exs. 3-4.

The above recitation is not all-inclusive.

## LEGAL STANDARD

The Plaintiffs assert, in summary, the following state law claims:

1. Tortious interference with economic interests, alleging that the Debtor acted intentionally to close down the Plaintiffs' business operations;

2. Conversion, alleging that the Debtor converted property;

3. Trespass, alleging that the Debtor evicted Plaintiffs by his intentional acts;

4. Civil conspiracy, alleging that the Debtor conspired to remove the Plaintiffs from the property and shut down their business;

5. Intentional infliction of emotional distress, alleged caused by these acts by the Debtor; and

6. Assault and battery.

At the outset of trial,[5] I indicated that I would not be liquidating any claim(s) by the Plaintiffs, since the Debtor's chapter 7 case has been designated "no asset." (Main Case Docket No. 163); neither is it necessary for me to determine the asserted tort claims (which I understand are already pending in state court). *Bosch v. Bumann (In re Bumann)*, 147 B.R. 44, 45-46 (Bankr.D.N.D. 1992)(Court declined to fix amount of claim in a dischargeability proceeding).

---

[5]The Debtor chose to represent himself after the Court permitted (with the Debtor's consent) withdrawal of his counsel. The Debtor did not cooperate in much of the pre-trial process, failed to attend the pre-trial conference on July 14, 2005 (Adversary Docket No. 111) and did not appear at trial on September 23, 2005.

*See also Shuman v. Kashkashian (In re Shuman)*, 277 B.R. 638, 650 (Bankr.E.D.Pa. 2001)('[I]f the outcome of a dispute could not have any effect on the bankruptcy case at the time the litigation is commenced - - e.g., by affecting the property to be administered, the total assets to be distributed or the total claims to be paid - - then a bankruptcy court may not hear the dispute.)

The plain language of §523(a)(6) excepts from discharge debts that are based upon injuries that are both willful and malicious. *In re Lahiri*, 225 B.R. 582, 587 (Bankr. E.D.Pa. 1998). Willful means intentional or deliberate. *Lahiri*, 225 B.R. at 586, *citing Kawaauhau v. Geiger*, 523 U.S. 57, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998). More specifically, the Third Circuit Court of Appeals held that the "willful" element requires more than recklessness - - that the injury must have been at least substantially certain to result from the debtor's act. *Conte v. Gautam (In re Conte)*, 33 F.3d 303, 307 (3d Cir. 1994). "Malicious" means an act that was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will. *Conte*, 33 F.3d at 308.

## DISCUSSION

After applying the applicable legal standard to the facts elicited at trial, I conclude that the Debtor's conduct directed at the Plaintiffs was willful and malicious. Here, the Debtor, with intention to cause both physical and emotional harm and harm to personal property, took repeated steps specifically calculated to harass and intimidate the Plaintiffs - - improperly, wrongfully and without any justification whatever - - to chase them and their business out of the premises, resulting in actual economic (see Ex. 2), physical and emotional harm.

I will leave to the appropriate state court a determination of whether the Plaintiffs can prove the necessary elements of each claim as to the applicable plaintiff and the liquidation of

their economic claims. To the extent that the state court determines that the Debtor is liable to any of the Plaintiffs on any of the state law claims alleged here, then such liability, including any punitive damages associated therewith, is nondischargeable. *See Cohen v. De La Cruz (In re Cohen)*, 106 F.3d 52 (3d Cir. 1997).

An appropriate Order follows.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: April 14, 2006

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Chapter 7 |
| DAVID SIMON MORRIS, : | |
| Debtor. : | Bankruptcy No. 03-35650KJC |
| CTB, INC., : | |
| CSL-CLASSIC, INC., : | |
| CINDY LEE, : | |
| and : | |
| STEVE COY : | |
| Plaintiffs : | |
| v. : | |
| DAVID SIMON MORRIS : | |
| Defendant : | Adversary No. 03-1268 |

## ORDER

AND NOW, this 14th day of April, 2006, after trial of the above-captioned adversary proceeding and consistent with the foregoing Memorandum, it is hereby

**ORDERED and DECREED** that:

1. Judgment is entered in favor of the Plaintiffs and against the Defendant; and

2. To the extent it is determined in the appropriate non-bankruptcy forum that the Defendant is liable to any of the Plaintiffs for tortious interference with economic interests, conversion, trespass, civil conspiracy, intentional infliction of emotional distress and/or assault and battery, for the Defendant's conduct occurring between June 24, 2003 and June 2, 2004, such

liability, including any punitive damages associated therewith, is **NONDISCHARGEABLE**.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

**Courtesy copies mailed from Chambers to Interested Counsel:**

David Simon Morris
Pro Se
141 Metka Road
Schwenksville, PA 19473

Young K. Park, Esquire
Raja Rajan, Esquire
Law Offices of Young K. Park
2009 Chestnut Street
Philadelphia, PA 19103

Frederic J. Baker, Sr., Esquire
Senior Assistant United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Timothy B. McGrath, Clerk, U. S. Bankruptcy Court
Pamela Blalock, Courtroom Deputy Clerk